**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-1438**

---

ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY,

Plaintiff – Appellee,

v.

HUNTER E. LAWRENCE,

Defendant – Appellant,

and

CHRISTINA M. KIRK; AUSTIN T. KIRK,

Defendants.

---

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Timothy M. Cain, Chief District Judge.  (8:23-cv-03121-TMC)

---

Submitted:  May 20, 2026                          Decided:  June 22, 2026

---

Before KING, HARRIS, and HEYTENS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Samuel D. Harms, III, DOUBLE AUGHT INJURY LAWYERS, Greenville, South Carolina, for Appellant.   J.R. Murphy, W. Tradd Stover, MURPHY & GRANTLAND, P.A., Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this appeal from the District of South Carolina, defendant Hunter Lawrence challenges the district court's adverse March 2025 judgment in favor of the plaintiff in these proceedings, Allied Property and Casualty Insurance Company ("Allied"). *See Allied Prop. & Cas. Ins. Co. v. Lawrence*, No. 8:23-cv-03121 (D.S.C. Mar. 25, 2025), ECF No. 123 (the "Summary Judgment Ruling").  Relevant here, Lawrence was paralyzed by an automobile accident that followed a drinking party — called the "beer olympics" — that was hosted by Christina Kirk and her adult son, Austin, at their home in September 2020. Lawrence thereupon filed a state court action against, inter alia, the Kirks, seeking to hold them liable for general negligence and social host liability.  Soon thereafter, Allied filed this federal court lawsuit, seeking a declaratory judgment regarding the scope of insurance coverage pursuant to a homeowners' insurance policy that Allied had issued to Kirk.

By the Summary Judgment Ruling of March 2025, the district court declared — pursuant to the Declaratory Judgment Act of 1934 — that Allied "does not have a duty either to provide . . . a defense [to its insureds] in [an] underlying state court action, which has been brought by Lawrence, nor to indemnify the [insureds] for any judgment in the underlying state court action." *See* Summary Judgment Ruling 20.  To put it differently, the court ruled that Allied has no duty to defend the Kirks in the state court action filed by Lawrence, nor to pay a judgment, if any, obtained therein by Lawrence against the Kirks.

We review an award of summary judgment de novo.  *See, e.g., Tederick v. LoanCare, LLC*, 168 F.4th 154, 162 (4th Cir. 2026); *T.H.E. Ins. Co. v. Davis*, 54 F.4th 805, 818 (4th Cir. 2022).  In these circumstances, having carefully assessed the record — as

2

well as the various appellate submissions of the parties — we discern no reversible error.

Accordingly, we are satisfied to affirm the challenged judgment of the district court.

*AFFIRMED*